IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

|  |  |  |
|---|---|---|
| ANTHONY OTIS BROWN, SR., ET AL., | * | |
| Plaintiffs, | * | |
| v. | * | Case No.: GJH-14-3308 |
| DEPARTMENT OF TREASURY – INTERNAL REVENUE SERVICE, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

This is a tax refund suit originally filed in the District Court for Charles County, Maryland by Plaintiffs Anthony Otis Brown, Sr. and Cynthia Middleton Brown (collectively, "Plaintiffs") against the Department of Treasury – Internal Revenue Service ("the Government"). After a default judgment was entered against the Government in the District Court for Charles County, the Government removed the case to this Court pursuant to 28 U.S. Code § 1442(a)(1). Shortly thereafter, the Government filed a motion to set aside the judgment under Fed.R.Civ.P. 60(b)(4). *See* ECF No. 9. That motion is presently before the Court. A hearing is not necessary. *See* Local Rule 105.6 (D. Md. 2014). For the reasons stated below, the Government's motion to set aside the judgment of the District Court for Charles County is GRANTED.

I.   BACKGROUND

In February 2014, Plaintiffs filed a *pro se* complaint in the District Court for Charles County naming as the sole defendant "Dept. of the Treas[u]ry IRS[,] PO Box 249[,] Memphis TN 38101[-]0249." *See* ECF No. 2. Plaintiffs alleged that they mailed amended tax returns for 2009 and 2010 claiming that the "IRS owed the[m] . . . $6995.00 for 2009 and $8800 for 2010."

1

*Id.* In support, Plaintiffs attached certified mail receipts for their amended returns, letters addressed to the Internal Revenue Service ("IRS"), and a single IRS notice dated February 2014, informing Plaintiff Brown that he owed $488.33 on his taxes for 2009. *See* ECF No. 8-1 at 12-19. Plaintiffs did not submit to the IRS copies of their amended returns, nor did they clarify how the amount they sought, $23,258.00 plus interest, was computed. Plaintiffs subsequently mailed a summons of their lawsuit to the IRS at the Memphis, Tennessee address listed in their complaint. *See* ECF No. 8-1 at 7-8.

In April 2014, the District Court for Charles County entered an affidavit judgment in favor of Plaintiffs and against the Government, noting that the Government had failed to appear in the proceeding. *See* ECF No. 8-1 at 2-3. On October 22, 2014, the Government removed that action to this Court. *See* ECF No. 1. Shortly thereafter, the Government filed a motion to set aside the judgment issued by the District Court for Charles County, pursuant to Fed.R.Civ.P. 60(b)(4). For the reasons discussed below, the Court will grant the Government's motion.

## II.    DISCUSSION

Under Fed.R.Civ.P. 60(b)(4), a court may relieve a party from a final judgment if "the judgment is void." Fed.R.Civ.P. 60(b)(4). "A judgment is void only if the court that rendered judgment lacked jurisdiction over the subject matter or the parties or in circumstances in which the court's action amounts to a violation of due process." *Choice Hotels Int'l, Inc. v. Bonham*, 125 F.3d 847 (4th Cir. 1997) (citing *Schwartz v. United States*, 976 F.2d 213, 217 (4th Cir. 1992)). Here, the Government contends that the District Court for Charles County lacked both subject matter jurisdiction and personal jurisdiction. *See* ECF No. 9. Accordingly, the Government argues that the judgment entered by the District Court for Charles County is void and must be set aside. This Court agrees.

First, the Government contends that the "judgment should be set aside as void pursuant to [Fed.R.Civ.P] 60(b)(4) for lack of subject-matter jurisdiction because the federal courts have exclusive jurisdiction over tax refund suits." *See id.* at 4. The Government is correct; it is only the federal courts that can hear such tax refund suits. *See* 28 U.S.C. § 1346(a)(1) (providing federal district courts and the United States Court of Federal Claims with original, concurrent jurisdiction of civil actions "against the United States for the recovery of . . . any sum alleged to have been excessive . . . collected under the internal-revenue laws"); *see also Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1045 (9th Cir. 2003) (recognizing that a tax refund suit falls within the exclusive jurisdiction of the federal courts). The District Court for Charles County therefore lacked subject matter jurisdiction to adjudicate Plaintiffs' tax refund suit against the Government. Accordingly, the judgment it entered is void and must be set aside. *See Choice Hotels Int'l, Inc.*, 125 F.3d 847.

Next, the Government argues that the judgment of the District Court for Charles County must also be set aside because the court lacked personal jurisdiction over it. *See* ECF No. 9 at 5-6. Specifically, the Government contends that personal jurisdiction was lacking because Plaintiffs did not properly effect service of process. *See id*. The Government is once again correct. "'Valid service of process is a prerequisite to a district court's assertion of personal jurisdiction.'" *Persaud Companies, Inc. v. S. Md. Dredging, Inc.*, No. 12-2114, 2014 WL 640878, at *2 (D. Md. Feb. 18, 2014) (quoting *Swaim v. Moltan Co.,* 73 F.3d 711, 719 (7th Cir. 1996)). Here, service of process was not valid.

Fed.R.Civ.P 4(i)(1), which governs service upon the United States, provides that:

> Service upon the United States shall be effected:
>
> (A) by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is

3

> brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered mail address to the civil process clerk at the office of the United States attorney and
>
> (B) by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia . . . .

Fed.R.Civ.P. 4(i)(1). When Plaintiffs attempted to serve process they did not serve either the United States Attorney for the District of Maryland or the United States Attorney General, as required under Fed.R.Civ.P.4(i)(1); instead, Plaintiffs served process only upon the Department of Treasury–IRS at P.O. Box 249 in Memphis, Tennessee 38101-0249. *See* ECF No. 8-1 at 7-8. Plaintiffs, therefore, did not properly effectuate service of process on the Government. As such, the District Court for Charles County did not have personal jurisdiction over the Government. For this additional reason then, the judgment entered by the District Court for Charles County is void under Fed.R.Civ.P. 60(b)(4) and must be set aside. *See GoldKist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir. 1985) ("A default judgment entered when there has been no proper service of the complaint is, *a fortiori*, void, and should be set aside."); *see also Westlake Legal Grp. ex rel. Thomas K. Plofchan, Jr., PLLC v. Schumacher*, No. 14-564, 2014 WL 4097643, at *5 (E.D. Va. Aug. 19, 2014) (vacating, under Fed.R.Civ.P. 60(b)(4), default judgment issued by the state court where plaintiff did not properly serve the defendant).

### III.     CONCLUSION

For the reasons discussed above, the Court will grant the Government's motion to set aside the affidavit judgment issued by the District Court for Charles County in Case No. 04-02-0000385-2014.[1]

Dated: January 21, 2015                                             /S/
                                                                                       George Jarrod Hazel
                                                                                       United States District Judge

---

[1] The Court notes that in opposing the Government's motion, Plaintiffs did not substantively respond to any of the Government's arguments regarding subject matter jurisdiction or personal jurisdiction.